IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA DIXON<br>10055 DELORES DRIVE, APT. F<br>STREETSBORO, OH 44241 | ) ) ) ) | CASE NO. |
| Plaintiff, | ) ) ) | JUDGE |
| vs. | ) ) | |
| SERVPRO INDUSTRIES, INC.<br>801 INDUSTRIAL BLVD.<br>GALLATIN, TN 37066 | ) ) ) ) ) | **COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |
| and | ) ) | |
| SERVPRO OF NORTHERN SUMMIT<br>COUNTY<br>1546 GEORGETOWN ROAD<br>HUDSON, OH 44236 | ) ) ) ) ) | |
| and | ) ) | |
| JACK SINCERE<br>1844 26TH STREET<br>CUYAHOGA FALLS, OH 44223 | ) ) ) ) ) | |
| Defendants. | ) | |

Now comes the Plaintiff, Sandra Dixon, by and through counsel, and for her Complaint alleges and avers as follows:

## PARTIES

1. Plaintiff Sandra Dixon is a citizen of the United States of America and a resident of the City of Streetsboro, the County of Portage and the State of Ohio.

2. Defendant, Servpro Industries, Inc. (hereinafter "Servpro") is a corporation with its principal place of business located in Gallatin, TN. Servpro is licensed to

contract business in the State of Ohio. The cause of action arose out of employment at the Servpro of Northeastern Ohio franchise location in Hudson, Ohio in Summit County.

3. The sexual harasser/assailant, Defendant, Jack Sincere (hereinafter referred to as "Jack Sincere" and/or "Sincere"), at all times relevant to this action was an employee of Servpro in Hudson, Ohio in Summit County.

4. Plaintiff has fulfilled all conditions precedent to the institution of this action: she timely filed a charge of discrimination with the United States Equal Employment Commission on or about March 20, 2008 (a copy of which is attached as Exhibit "A"). Plaintiff received a Right to Sue letter dated July 1, 2009, for her charge (a copy of which is attached as Exhibit "B").

## JURISDICTION AND VENUE

5. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq.). The jurisdiction of this Court is invoked to secure the protection of and redress deprivation of rights guaranteed by federal law, which rights provide for relief for illegal discrimination in employment. This Court has jurisdiction of this cause under Title 28 of the United States Code §1343(a)(3), (28 U.S.C.A. §1343) and Title 28 §1331, (28 U.S.C.A. §1331). Venue of this action is proper pursuant to 28 U.S.C. §1391(b).

6. This Court has jurisdiction of the State claims in this action pursuant to the supplemental jurisdiction of the federal courts, 28 U.S.C.A. §1367(a).

## COUNT ONE
## ILLEGAL SEX-BASED EMPLOYMENT DISCRIMINATION

## IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 and 1991
## DEFENDANT SERVPRO ENTERPRISES

7. Plaintiff realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

8. Plaintiff is an adult female who is a member of a protected class under Title VII. 42 U.S.C. §2000e, et seq. At all times herein mentioned, Defendant Servpro is a covered employer within the meaning under 42 U.S.C. §2000e(a). Servpro is an employer of more than fifteen regular employees and is engaged in an industry affecting commerce. Servpro is incorporated in the State of Ohio with its principal place of business in the State of Ohio. Servpro is licensed to conduct business in the State of Ohio and was performing such at Servpro located in the City of Hudson, the County of Summit and the State of Ohio at the time of the events which gave rise to this action.

9. Plaintiff was employed by Servpro beginning on or about October 02, 2006, through her termination on or about September 04, 2007. At all times relevant hereto, Plaintiff's job performance was above satisfactory.

10. On or about October 02, 2006 through September 04, 2007, Plaintiff Sandra Dixon was sexually harassed and sexually assaulted by a Servpro employee, Jack Sincere, in violation of the Civil Rights Act of 1964, as amended, and recognized by the United States Supreme Court.

11. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity and has met all administrative prerequisites for the bringing of this

action (Exhibit "A"). The EEOC subsequently issued a right to sue notice to Plaintiff (Exhibit "B").

12. Shortly after the commencement of her employment on or around November of 2006, Plaintiff, Sandra Dixon was dispatched with Jack Sincere to evaluate a damaged home at 96 Oviatt Street, Hudson, OH 44236.

13. Plaintiff and Sincere rode to the job site together in Sincere's black Chevrolet Blazer. During the short ride to the home, Sincere sexually harassed Plaintiff by asking lewd and inappropriate questions regarding, among other things, Plaintiff's sexual preferences, sexual fantasies, sexual positions and preferred male genitalia size.

14. Upon arrival at and entrance to the Oviatt St. job site, Sincere continued to make lewd and perverse comments toward Plaintiff. Shortly thereafter, Sincere approached Plaintiff and attempted to unbutton her blouse and kiss her. Plaintiff immediately denied the unwelcomed advance and demanded Sincere stop immediately.

15. However, despite Plaintiff's vehement objections, Sincere threatened Dixon to, "...not get on his bad side," pushed her down to the floor, unbuttoned and removed her pants and sexually assaulted and raped her.

16. Sometime thereafter in January of 2007, Dixon and Sincere were again dispatched together to evaluate water damage to a home under construction in the Barrington development in Aurora, OH 44202.

17. Plaintiff recalls the home was opened by a third party who subsequently left the premises. Once Sincere and Dixon were alone in the home, Sincere removed his clothing and demanded Dixon perform oral sex. Dixon once again declined the unwelcomed advance, and Sincere again physically forced himself on Plaintiff and sexually assaulted and raped her.

18. Sometime thereafter, on or about April 08, 2007 (Easter Sunday), Plaintiff received a page from Sincere requesting assistance on a job site off of Route 91 in Hudson, OH 44236. Dixon arrived at the site, and entered the premises to find the lights off. When she turned on the lights, Sincere demanded the lights be turned back off. Plaintiff recalls Sincere stating, "…you know you want it just as bad as I do." Then, Sincere demanded Dixon undress, and Sincere proceeded to sexually assault and rape her.

19. Furthermore, Plaintiff alleges that the physical, verbal and psychological abuse continued by Sincere during the course and scope of her normal employment duties through September 09, 2007, at which time her position was terminated by Servpro.

20. The harassment occurred because of Plaintiff's sex to humiliate, degrade, intimidate and as an exception because of her gender. Male superior, Jack Sincere did not treat male employees in the aforementioned manner.

21. Sincere's actions were done to not only satisfy his sadistic sexual ideologies, but also to harass, discriminate, intimidate and as a threat to Plaintiff's employment because of Sincere's influence to the authority making personnel decisions.

Plaintiff Sandra Dixon repeatedly demanded Sincere stop speaking to her in a sexual nature and instructed him not to touch her and have sexual intercourse with her. Sincere's actions created an uncomfortable and hostile work environment for her and any reasonable female. Sincere's quid pro quo harassment resulted in a tangible and adverse employment action—constructive discharge—which constitutes a significant change in job status.

22. Plaintiff's work conditions were so severe, abusive, interfering and intolerable that she was forced to terminate her employment. No reasonable-minded person would be able to tolerate the abuse Plaintiff endured, and would not have been able to sustain the gross inappropriateness of the situation on a daily basis.

23. Defendant Servpro acquiesced in creating a hostile environment and permitting Jack Sincere to discriminate against female employee Sandra Dixon.

24. On information and belief, Ms. Dixon had/has knowledge of other female employees who were harassed by Jack Sincere. The complainants were harassed more severely after reporting the discrimination and/or suffered detrimental employment retaliation. Plaintiff Dixon believed it was futile to complain about the harassment, because based on previous experience, Defendant Servpro would not take steps to correct the behavior and/or she would suffer more egregious attacks and/or a loss of employment.

25. On information and belief, Jack Sincere was an agent, representative and/or employee acting within the scope of his employment and/or agency for Defendant Servpro with the express permission and consent of and for the

benefit of Defendant Servpro, said agents, servants, representatives, and/or employees acted grossly, recklessly, maliciously, willfully and with knowledge of the harassment and failed to stop the harassment and thereby allowed Plaintiff Sandra Dixon to suffer a job detriment when she rejected the sexual advances of Servpro and agent, Jack Sincere.

26. Defendant Servpro is vicariously and/or strictly liable for the sexual harassment of its supervisors against low authority employees despite knowledge.

27. Defendant Servpro is liable for retaining Jack Sincere in a supervisory position and thus permitted him to continue the illegal harassment of Plaintiff Sandra Dixon. Defendant Servpro knew or should have known that Jack Sincere would continue to intimidate and harass Plaintiff Sandra Dixon.

28. As a direct and proximate cause of the actions of Defendant Servpro and on information and belief, Plaintiff has suffered lost income, pain and suffering and has incurred expenses pursuing this action and searching for replacement employment.

29. As a direct and proximate cause of the actions of Defendant Servpro and/or Servpro's agents, and on information and belief, Plaintiff will continue to suffer lost income, pain and suffering and has incurred expenses pursuing this action and searching for replacement employment in the future.

30. As a further direct and proximate cause of the actions of Defendant Servpro's representatives and/or agent, Plaintiff suffered pecuniary loss emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

pecuniary and nonpecuniary losses, and Plaintiff will continue to suffer from aforementioned losses.

31. Defendant Servpro and its representatives and/or agents acted oppressively, egregiously, intentionally and/or recklessly and with malice and with callous indifference to Plaintiff Sandra Dixon's federally protected rights.

32. Defendant Servpro, individually and by and through its agents and/or representatives, behaved in a manner which is immoral and so shocking that it offends the conscience. The nature, extent and severity of Defendant's actions warrant punitive damages pursuant to federal law, to punish and deter Defendant Servpro from further similar behavior.

## ATTORNEY FEES

33. Plaintiff realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

34. Pursuant to Plaintiff's claim of Civil Rights Violation under 42 U.S.C. §2000e, et seq., Plaintiff is thereby entitled to an award of reasonable attorneys' fees.

## COUNT TWO
## STATE CLAIM AGAINST JACK SINCERE
## ASSAULT AND BATTERY

35. Plaintiff realleges and reavers the allegations contained in the foregoing paragraphs as if fully rewritten herein.

36. On or about October 02, 2006 through September 07, 2007, Defendant Jack Sincere, an agent and/or representative of Servpro so willfully and deliberately came at Sandra Dixon with his hands and penetrated Plaintiff with his genitals so as to intimidate and to cause fear and apprehension in Plaintiff Sandra Dixon that he would make contact with her in such an appalling manner.

37. On or about October 02, 2006 through September 07, 2007, Defendant Jack Sincere touched his lips to Plaintiff's body and made unwelcome physical contact with Plaintiff's body parts with parts of his body.

38. On or about October 02, 2006 through September 07, 2007, Defendant Jack Sincere performed unwelcome sexual intercourse to Plaintiff Sandra Dixon.

39. As a direct and proximate result of one or more of the aforementioned acts of Defendant Sincere, Plaintiff Sandra Dixon has suffered and continues to suffer from mental anguish, emotional distress, and loss of personal dignity.

40. Plaintiff Sandra Dixon is entitled to damages as pleaded above.

### COUNT THREE
### STATE CLAIM AGAINST DEFENDANT JACK SINCERE
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff realleges and reavers each and every allegation set forth in the foregoing paragraphs as if fully rewritten herein.

42. For a period during and on or about October 02, 2006 through September 07, 2007, Plaintiff Sandra Dixon was sexually assaulted and battered at her place of employment by Servpro supervisor and/or member, Jack Sincere.

43. Defendant Sincere forcefully performed sex acts to Plaintiff. Defendant tormented Plaintiff at work with sexual advances and requests. Defendant Sincere's conduct toward Plaintiff was so extreme and outrageous as to go beyond all bounds of common decency, and was such that it can be considered as "intolerable in a civilized community."

44. Defendant Sincere intended to cause emotional distress or he should have known that his conduct toward Plaintiff would result in serious emotional distress.

45. As a direct and proximate result of the negligent conduct of Defendant Sincere, Plaintiff suffered and continues to suffer the injuries as described herein to the extent that they or no reasonable person, normally constituted would be able to cope with the mental and emotional distress engendered by the circumstances of the case, such as those complained herein.

46. As a direct and proximate result of the intentional and outrageous conduct of Defendant Sincere, Plaintiff suffered emotional distress which is permanent in nature, and will, with reasonable certainty, require psychological care and treatment in the future.

### COUNT FOUR
### OHIO CIVIL RIGHTS ACT
### DEFENDANT JACK SINCERE

47. Plaintiff realleges and reavers each and every allegation set forth in the foregoing paragraphs as if fully rewritten herein.

48. Defendant Jack Sincere individually and in his official capacity as supervisor for Servpro, with authority over Plaintiff Sandra Dixon, so illegally discriminated

against Plaintiff through sexual harassment as described *supra* violated Ohio Civil Rights Act. (Ohio Revised Code §4112.) Said sexual harassment was done by Plaintiff's supervisor and was unwelcome, based on sex, created a hostile work environment and/or sufficiently severe to cause an adverse employment as described and pleaded *supra*. Plaintiff repeatedly told Defendant Sincere to stop harassing and assaulting her and when it did not, she reasonably believed that her only recourse was to terminate employment.

49. As a direct and proximate cause of Defendant Jack Sincere's actions, Plaintiff suffered pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of income, out of pocket expenses for this action and for future employment and other pecuniary and nonpecuniary losses, and Plaintiff will continue to suffer from aforementioned losses.

50. Defendant Sincere behaved in a manner which is immoral and so shocking that it offends the conscience. The nature, extent and severity of Defendant's actions warrants punitive damages pursuant to state law, to punish and deter Defendant from further similar behavior.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, for awards of back pay, front pay, and other compensatory damages in amounts which will fully and fairly compensate Plaintiff for her injuries, damages and losses, for punitive damages, for reinstatement, for equitable relief, for an award of attorneys fees and costs of suit, and

for such other relief as the Court deems just, all in an amount WELL IN EXCESS of seventy-five thousand ($75,000) dollars.

## JURY TRIAL DEMAND

Pursuant to Rule 38(B) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.

Respectfully Submitted,

Robert A. Pecchio, Esq. (0025282)
**THE LAW OFFICES OF THE
ROBERT A. PECCHIO CO., L.P.A.**
2305 East Aurora Road, Ste. A-1
Twinsburg, OH 44087
330.963.6600 (p)
330.963.6650 (f)
pecchiolaw@yahoo.com

**ATTORNEY FOR PLAINTIFF**