IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **SANDRA DIXON,** | ) | CASE NO. 5:09-CV-02250-JRA |
| | ) | |
| | ) | **JUDGE JOHN R. ADAMS** |
| Plaintiff, | ) | |
| | ) | Glenn R. Jones (0008416) |
| | ) | Susan E. Chylik (0085327) |
| | ) | Jones, Funk & Associates |
| vs. | ) | 321 North Broadway Street |
| | ) | Medina, Ohio 44256 |
| | ) | (330) 722-9099 Telephone |
| | ) | (330) 722-9098 Facsimile |
| **SERVPRO OF NORTHERN SUMMIT COUNTY**, et al., | ) | jonesfunk@zoominternet.net |
| | ) | |
| | ) | **DEFENDANT SERVPRO OF** |
| Defendants. | ) | **NORTHERN SUMMIT COUNTY's** |
| | ) | **MOTION TO DISMISS** |
| | ) | or alternatively |
| | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| | ) | |

Now comes Defendant Servpro of Northern Summit County, by and through counsel, and respectfully moves this Court to dismiss the action against it, in its entirety for the reason that Plaintiff failed to comply with the applicable statute of limitations or alternatively for an order granting Summary Judgment as a matter of law in favor of Defendant Servpro of Northern Summit County and against Plaintiff for the reason that there is no genuine issue of material fact in accordance with Civ. R. 56 of the Federal Rules of Civil Procedure. A memorandum in support is attached.

Respectfully submitted,

*/s/ Glenn R. Jones*

Glenn R. Jones (0008416)
Susan E. Chylik (0085327)
JONES, FUNK & ASSOCIATES

321 North Broadway
Medina, Ohio 44256
(330) 722-9099 - Telephone
(330) 722-9098 - Facsimile
jonesfunk@zoominternet.net
Attorneys for Defendant
Servpro of Northern Summit County

# **TABLE OF AUTHORITIES**

### *Statutes*

42 U.S.C. § 2000e-3 ............................................................................................. 11

42 U.S.C. § 2000e-4 ............................................................................................... 2

42 U.S.C. § 2000e-5 ............................................................................................ 2, 3

Federal Rules of Civil Procedure, Rule 56 ........................................................ 8, 9

ORC § 4112.05(B) .............................................................................................. 2, 3

### *Cases*

*Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242 .......................................... 9

*Celotex Corp. v. Catrett* (1986), 477 U.S. 317 ...................................................... 9

*Brower v. Runyon* (1999), 178 F.3d 10002 (8th Cir.) .......................................... 10

*Abbott v. Crown Motor Company, Inc.* (2003), 348 F.3d 537 ......................... 9, 10

*EEOC v. Procter & Gamble, Co.*, 1977 U.S. Dist. LEXIS 15379 ......................... 3

## I. INTRODUCTION

Defendant Servpro of Northern Summit County, hereinafter "Defendant Servpro," is incorporated as Restoration Resources, Inc. providing restoration and cleaning services to water and fire damaged residences and other facilities. Plaintiff was employed by Defendant Servpro beginning on October 2, 2006 as a production technician until she was laid off due to a reduction in force on September 7, 2007. At all relevant times during Plaintiff's employment, Defendant Jack Sincere was the operations supervisor at Defendant Servpro.

Following her termination in September 2007, Plaintiff filed a charge with the Equal Employment Opportunity Commission alleging retaliatory termination against Defendant Servpro. Plaintiff alleged in that charge that she was sexually assaulted by Defendant Sincere while an employee at Defendant Servpro and when she threatened Defendant Sincere that she was going to report this alleged behavior to the President, she was terminated.

In this motion, Defendant Servpro seeks dismissal based upon Plaintiff's failure to file the charge of retaliatory termination within the applicable time limits set out by the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission. Alternatively, Defendant Servpro seeks summary judgment determining that no genuine issue exists regarding Plaintiff's termination for trial. If either motion is granted, Defendant Servpro shall be dismissed as a party to the action.

## II. MOTION TO DISMISS

### A. Statement of Applicable Facts

During her employment with Defendant Servpro, Plaintiff alleges that she was sexually assaulted three times by Defendant Sincere. (Compl. ¶¶ 15, 17 and 18.) Plaintiff alleges that these assaults occurred in November 2006, January 2007 and April 2007. (Compl. ¶¶ 12, 16 and 18.) Although it is unclear from the Complaint the exact nature of the alleged discriminatory employment practice, Plaintiff contends that the alleged practice continued "during the course and scope of her employment duties through September 9, 2007, at which time her position was terminated by

1

Servpro." (Compl. ¶ 19.) Plaintiff's employment was actually terminated on September 7, 2007. Affidavit of Bruce Johnson, a true and accurate copy is attached hereto as "Exhibit A."

Plaintiff filed an Equal Employment Opportunity Commission (EEOC) charge with the Cleveland District Office on March 21, 2008. A true and accurate copy is attached hereto as "Exhibit B." On this form, Plaintiff elected to have the charge filed with the Ohio Civil Rights Commission (OCRC), however, no evidence has been presented to prove that the charge was actually filed with the OCRC. Although the EEOC charge listed September 7, 2007 as the last date the alleged discrimination practice occurred, construing the facts most favorably toward Plaintiff, September 9, 2007 is the last date asserted by Plaintiff per the Complaint in which an alleged discriminatory employment practice occurred.

### B. Law and Argument

Under 42 U.S.C. § 2000e-5(e)(1) a charge must be filed with the EEOC within one hundred and eighty days after the alleged unlawful employment practice occurred. Plaintiff filed her charge with the EEOC on March 21, 2008, which was 194 days after September 9, 2007, the last date Plaintiff alleged a discriminatory employment practice occurred. Failing to file the EEOC charge in accordance with the one hundred and eighty day time limit precludes EEOC jurisdiction. 42 U.S.C. § § 2000e-4, 2000e-5.

The EEOC, in accordance with 42 U.S.C. § 2000e-5(d), refers charges to the appropriate state agency if the state has a law prohibiting the unlawful employment practice alleged. Here, as stated above, the EEOC was without jurisdiction to entertain the charge and as such was also without jurisdiction to refer the matter to the OCRC. Jurisdictional issues aside, in Ohio charges are to be filed with the OCRC within six months after the alleged unlawful discriminatory practice occurred. ORC § 4112.05(B)(1). As stated above, the last date Plaintiff alleged a discriminatory employment practice occurred was on September 9, 2007; six months from that date is March 9, 2008. Although there is no evidence that the EEOC charge was actually referred to the OCRC, the earliest date on which it could have been referred was March 21, 2008, the date it was filed with the EEOC. Since

2

this date is beyond the six month time limit under ORC § 4112.05(B)(1), Plaintiff's OCRC charge is time barred.

The three hundred day filing extension under 42 U.S.C. § 2000e-5(e)(1) does not apply to Plaintiff's EEOC charge because it was untimely filed with the OCRC. A similar sequence of events occurred in *EEOC v. Procter & Gamble*, where the charging party filed his charge with the EEOC 223 days after the alleged unlawful employment practice occurred. 1977 U.S. Dist. LEXIS 15379, 3-4. In accordance with 42 U.S.C. § 2000e-5(d), the EEOC referred the charge to the OCRC. *Id.* at 2. The charge was subsequently dismissed by the OCRC as being untimely filed because it was not filed within six months after the alleged unlawful employment practice occurred. *Id.* The fact that the EEOC refers the claim to the state is not determinative of whether the three hundred day extension will apply; the referral must occur within the filing deadline set by the state. *Id.* at 3-4. Failure to file the discrimination charge with the OCRC within six months or the EEOC within the one hundred and eighty days precludes EEOC jurisdiction. *Id.* at 4. Here, because Plaintiff did not comply with the six month filing date required by Ohio or the one hundred and eighty day filing date required by the EEOC, the claim is time barred and EEOC jurisdiction is precluded.

### C. Conclusion

Plaintiff failed to file either the EEOC charge within one hundred and eighty days or the OCRC charge within six months of the alleged discriminatory employment practice. As a result, Plaintiff's claim is time barred and the EEOC is divested of jurisdiction. Without EEOC jurisdiction, Plaintiff is unable to maintain this action under a Title VII cause of action. Therefore, Defendant Servpro respectfully requests that the cause of action against Defendant Servpro be dismissed in its entirety.

If the Court finds the above Motion to Dismiss unpersuasive, Defendant Servpro offers the following Motion for Summary Judgment in the alternative.

## III. MOTION FOR SUMMARY JUDGMENT

### A. Statement of Applicable Facts

As stated above, Plaintiff alleges that she was sexually assaulted in November 2006, January 2007 and April 2007 by Defendant Sincere. (Compl. ¶¶ 12-18.) Plaintiff alleges in the EEOC charge that Defendant Sincere persuaded Bruce Johnson to fire Plaintiff in retaliation for Plaintiff threatening to report Defendant Sincere. See Exhibit B. After investigation, the EEOC determined that Plaintiff failed to substantiate the allegation and a right to sue letter was issued. A true and accurate copy is attached hereto as "Exhibit C." Thereafter, Plaintiff filed the present action on September 29, 2009. Throughout the course of discovery, Plaintiff, Defendant Sincere and Bruce Johnson, President of Defendant Servpro were deposed and the transcripts are attached hereto as "Exhibit D," "Exhibit E," and "Exhibit F," respectively.

### *i. Plaintiff's Deposition*

According to Plaintiff, she was sexually assaulted two months after her employment began and it continued throughout the next six months. (Pl.'s Dep. 22:17-19, 36:20-37:12, 57:6-14, 67:7-16.) However, no alleged sexual assaults occurred for the five remaining months of Plaintiff's employment, between April 9, 2007 and September 7, 2007. (Pl.'s Dep. 74:15-20.) Plaintiff's employment was terminated on September 7, 2007 and Plaintiff states that her understanding of her termination was that she was laid off due to lack of work. (Pl.'s Dep. 77:4-19.) Plaintiff states that Bruce Johnson specifically told her that work was down and his reason for terminating her employment was due to lack of work. (Pl.'s Dep. 78:22-79:19.) Kevin Burgess was also terminated the same day as Plaintiff. (Pl.'s Dep. 80:25-15.)

Plaintiff admits that she did not report the alleged sexual assaults to anyone at Defendant Servpro, any reporting agency, or the police. (Pl.'s Dep. 53:15-20, 55:23-25, 66:17-25, 74:21-75:3, 130:2-132:20.) Although Plaintiff alleged in the EEOC charge and the Complaint that her termination was in retaliation for threatening Defendant Sincere that she was going to report the alleged actions to Defendant Servpro, Plaintiff's deposition testimony does not support this. Plaintiff

4

was questioned regarding the first alleged incident on pages fifty three through fifty four:

| | | | |
|---|---|---|---|
| Line 15 | Q. | What did you do about it? |
| Line 16 | | Did you report it to anybody? |
| Line 17 | A. | No. |
| Line 18 | Q. | Did you report it to the |
| Line 19 | | police? |
| Line 20 | A. | No. |
| Line 21 | Q. | Did you tell anybody at all |
| Line 22 | | about this incident at the time? |
| Line 23 | A. | I had told one of my |
| Line 24 | | friends. |
| Line 25 | Q. | When? |
| Line 1 | A. | The first time it happened. |
| Line 2 | Q. | Who is that? |
| Line 3 | A. | Joanne Solak. |

When questioned regarding the second alleged incident, Plaintiff stated that she did not report the incident to anyone at all, including anyone at Servpro, nor to any police authority (Pl.'s Dep. 66:17-25.) Plaintiff was questioned similarly regarding the third alleged incident as follows on pages seventy four through seventy five of the deposition:

| | | | |
|---|---|---|---|
| Line 21 | Q. | Did you report the third |
| Line 22 | | assault to anybody? |
| Line 23 | A. | No, I did not. |
| Line 24 | Q. | No police report? |
| Line 25 | A. | No. |
| Line 1 | Q. | No report to anybody at |
| Line 2 | | ServPro? |

Line 3    A.    No.

Plaintiff stated that the first time she reported the alleged incidents to anyone outside of her friend was after she was terminated. (Pl.'s Dep. 96:20-97:3.) Throughout the deposition, Plaintiff states eleven different times that she did not report the alleged incidents to anyone at Defendant Servpro while she was employed there. (Pl.'s Dep. 53:15-20, 55:23-25, 66:17-25, 74:21-25, 75:15-76:2, 93:18-94:2, 96:20-97:3, 118:12-23, 124:17-125:2, 129:14-130:1, 130:11-19.) Furthermore, Plaintiff admits that she did not have any facts or knowledge that Defendant Sincere was involved in or had anything to do with her termination. (Pl.'s Dep. 113:17-114:22.)

Plaintiff had received and reviewed Servpro's employee handbook containing a step-by-step procedure on how to file a grievance or complaint. (Pl.'s Dep. 27:15-29:3, 75:4-14.) Although inconsistent with her previous testimony, Plaintiff states that she did in fact follow the procedure for reporting a grievance or complaint to management. (Pl.'s Dep. 75:15-25.) Plaintiff states that she reported her complaint to Jack Sincere. (Pl.'s Dep. 75:15-21.) When confronted with the irony that the member of management that Plaintiff chose to report the alleged incidents to was also the alleged assailant, Plaintiff admitted that she did not report the alleged incidents to anyone else. (Pl.'s Dep. 75:22-76:1.)

Throughout the course of Plaintiff's employment, there were opportunities to report the alleged incidents to Bruce Johnson, President of Servpro, or crew leaders at Defendant Servpro. (Pl.'s Dep. 129:15-131:5.) Plaintiff admitted that she had met and known Bruce Johnson, that his office is in a building near to where Plaintiff clocked-in for each workday, and there were opportunities to meet with Bruce Johnson if she so desired. (Pl.'s Dep. 121:6-123:11, 129:15-130:1.) However, Plaintiff never chose to meet with Bruce Johnson regarding her allegations (Pl.'s Dep. 129:15-131:5.) On page 130 of the deposition, Plaintiff testified regarding the opportunity to report the alleged incidents free of Defendant Sincere:

Line 20    Q.    Were you at the Servpro
Line 21          facility at times when Mr. Sincere was

6

| Line 22 |    | not there?                                  |
|---------|----|---------------------------------------------|
| Line 23 | A. | Yes.                                        |
| Line 24 | Q. | Often?                                      |
| Line 25 | A. | Yes.                                        |
| Line 1  | Q. | So there was nothing that–                  |
| Line 2  |    | he was not physically present you could     |
| Line 3  |    | have reported it if he was not there,       |
| Line 4  |    | is that correct?                            |
| Line 5  | A. | Yes.                                        |

After the third alleged incident occurred, Plaintiff reported that two other crew members were present for the remainder of the work shift. (Pl.'s Dep. 130:2-6.) However, Plaintiff did not tell either of these individuals of the alleged assault although she had the opportunity. (Pl.'s Dep. 130:2-19.) Plaintiff also knew she had the opportunity to file an EEOC charge against an employer while she was still employed. (Pl.'s Dep. 126:13-18.) While employed with a previous employer, Plaintiff had filed an internal complaint with the company and an EEOC charge based upon sexual harassment. (Pl.'s Dep. 126:9-22.) The sexual harassment alleged in the previous complaint consisted of "slapping rear ends," rubbing, and inappropriate comments. (Pl.'s Dep. 14:17-22.) The EEOC charge was filed while Plaintiff was still employed with the previous employer (Pl.'s Dep. 17:17-20.)

*ii. Defendant Sincere's Deposition*

During the deposition of Defendant Sincere, he reports that he understood the reason for Plaintiff's termination was due to a lack of work. (Sincere Dep. 55:13-16.) Defendant Sincere was not aware of any performance, attitude or other issues which might threaten Plaintiff's employment with Servpro. (Sincere Dep. 53:24-55:12.) Defendant Sincere never threatened the security of Plaintiff's employment at any time. (Sincere Dep. 80:20-23.) Furthermore, Plaintiff never threatened Defendant Sincere that she would report the alleged activities to Bruce Johnson or anyone else at Servpro. (Sincere Dep. 77:5-10.)

7

Bruce Johnson never consulted Defendant Sincere as to anyone who should be terminated and specifically never consulted Defendant Sincere whether Plaintiff should be terminated. (Sincere Dep. 77:16-22; Johnson Dep. 24:11-22.) The first conversation Defendant Sincere had with Bruce Johnson regarding the alleged acts with Plaintiff occurred when Defendant Servpro was notified of the EEOC charge. (Sincere Dep. 23:25-24:22; Johnson Dep. 18:25-19:24.) Defendant Servpro neither provided nor offered Defendant Sincere counsel or to cover the cost of obtaining representation for the purpose of defending against the EEOC charge or the present lawsuit. (Sincere Dep. 21:4-22:8.)

### iii. Bruce Johnson's Deposition

Bruce Johnson has been the President of Restoration Resources, Inc. dba Servpro of Northern Summit County for the past 23 years. (Johnson Dep. 3:22-4:8.) As President, Johnson performs administrative duties including Human Resource responsibilities. (Johnson Dep. 6:13-25.) Johnson further stated that Plaintiff Dixon and one other employee, Kevin Burgess, were terminated due to lack of work. (Johnson Dep. 16:5-17.) The decision to terminate Plaintiff was based solely upon lack of work and was unrelated to any of the alleged acts occurring between Plaintiff and Defendant Sincere. (Johnson Dep. 24:11-22.) In fact the allegations were unknown to Bruce Johnson at the time the decision was made and the actual termination notice was given. (Johnson Dep. 17:5-9.)

Johnson states that he first became aware of Plaintiff's allegations against Defendant Sincere several weeks after her employment was terminated. (Johnson Dep. 17:5-9.) Plaintiff arrived at the Servpro facility and requested a conference with Bruce Johnson. (Johnson Dep. 17:5-18:2.) During that conference Plaintiff stated that she had been sexually harassed by Defendant Sincere. (Johnson Dep. 18:4-12.) Johnson requested that Plaintiff reduce her complaint in writing and it would be further investigated; however, Plaintiff never provided her complaint in writing. (Johnson Dep. 18:14-20.) Thereafter, Johnson received the EEOC charge. (Johnson Dep. 18:25-19:4.)

8

## B. Standard of Review

Summary judgment shall be rendered where the pleadings, discovery materials and affidavits, if any, demonstrate that there is no genuine issue as to any material facts. Civ. R. 56(c)(2). The moving party has the burden of proving that no genuine issue of material fact exists. Civ. R. 56(c)(2). If no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law. Civ. R. 56(c)(2).

Once the moving party has properly made and supported a motion for summary judgment, the non-moving party has a reciprocal burden pursuant to Civ. R. 56(e)(2) to demonstrate that a genuine issue of material fact exists for trial. Under Civ. R. 56(e)(2), the non-moving party may not rest upon the allegations or denials of the pleadings, but must set forth specific facts demonstrating that a genuine issue of material fact exists for trial. If the non-moving party fails to meet its burden or does not respond, summary judgment shall be entered against the non-moving party. Civ. R. 56(e)(2).

The existence of some alleged disputed fact will not defeat a properly supported motion for summary judgment, instead the disputed fact must be material. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247-248. A material fact is one that will affect the outcome of the trial and is identified as material by the substantive law which governs the facts of the case. *Id.* at 248. Moreover, the dispute of a material fact must be genuine. Lack of a genuine dispute occurs where the evidence, construed most strongly in the non-moving party's favor, is so one-sided that reasonable minds can come to but one conclusion and that conclusion is against the non-moving party. *Liberty Lobby*, *supra*, at 247-252.

Summary judgment allows a court, after an adequate time for discovery by the parties, "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323-24. Without demonstrating that a genuine material of fact exists, the non-moving party has failed to establish an essential element of their case, of which they would have the burden of proof at trial. *Id.* at 322-323. Failure to establish an essential element of the case "necessarily

renders all other facts immaterial." *Id.* at 323.

At trial for a Title VII action under a theory of unlawful retaliation, the plaintiff is required to present direct evidence of retaliation or a *prima facie* case using indirect evidence. *Abbott v. Crown Motor Company, Inc.* (2003), 348 F.3d 537, 541-42. A *prima facie* case requires the plaintiff to demonstrate by a preponderance of the evidence that: (1) s/he engaged in activity protected under Title VII; (2) defendant-employer knew that the plaintiff was engaging in the protected activity; (3) defendant-employer subsequently took an employment action adverse to the plaintiff; and (4) a causal connection exists between the protected activity and the adverse employment action. *Id.* at 542. Throughout demonstrating the *prima facie* case, the plaintiff bears the burden of persuasion. *Id.*

### C. Argument

No genuine issue of material fact exists regarding Plaintiff's termination and therefore Defendant Servpro is entitled to judgment as a matter of law. As stated above, Plaintiff can only prevail under a Title VII action if she demonstrates by a preponderance of evidence that (1) she engaged in activity protected under Title VII; (2) Defendant Servpro knew the she was engaging in such action; (3) Defendant Servpro took an employment action adverse to Plaintiff; and (4) a causal connection exists between the protected activity and the adverse employment action. *Abbott*, supra. To withstand summary judgment, Plaintiff would have the burden of production to demonstrate that there exists some evidence creating a genuine issue of material fact surrounding her termination.

Plaintiff cannot demonstrate by a preponderance of evidence the required elements under a Title VII cause of action for retaliatory termination. First, Plaintiff did not engage in an activity protected under Title VII. Title VII broadly protects an employee's participation under Title VII when the employee "has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). This participation clause only protects the activity of an employee if it occurred "in conjunction with or after the filing of a formal charge with the EEOC," and not to any investigation done by the employer prior to or

not in connection with the filing of an EEOC charge. <u>Brower v. Runyon</u> (1999), 178 F.3d 1002, 1006 (8th Cir.)

Prior to her termination in September 2007, Plaintiff had not reported any of the alleged incidents to anyone at Defendant Servpro or filed any report with the police or any other government agency. (Pl.'s Dep. 93:18-94:2.) Plaintiff did not file the EEOC charge until March 21, 2008. See Exhibit B. Therefore, while employed at Defendant Servpro, Plaintiff did not engage in any activity protected under Title VII. The evidence clearly indicates that an EEOC charge was not filed and an EEOC investigation was not commenced until after Plaintiff was terminated.

Even if Plaintiff was engaging in protected activity, construing the facts most favorably to Plaintiff, Plaintiff cannot demonstrate the remaining elements for retaliatory termination. Plaintiff would next have to demonstrate that Defendant Servpro knew Plaintiff was engaging in protected activity. Plaintiff asserts that she did not report the alleged sexual assaults to anyone at Defendant Servpro. (Pl.'s Dep. 53:15-54:3, 75:4-77:3.) Defendant Sincere reports that he never discussed the alleged allegations with Bruce Johnson, President of Defendant Servpro or any other employee or representative of Defendant Servpro. (Sincere Dep. 24:10-22, 30:24-25, 31:1-19.) Bruce Johnson asserted that he was unaware of any alleged sexual assault or relationship between Defendant Sincere and any Servpro employees including Sandra Dixon while Plaintiff was employed at Defendant Servpro. (Johnson Dep. 16:25-17:9.) Therefore, reasonable minds can only come to the conclusion that Defendant Servpro did not know Plaintiff was engaging in EEOC protected activity.

The third element is that the defendant-employer took an employment action adverse to the plaintiff. Defendant Servpro did in fact take an employment action adverse to Plaintiff by terminating her employment. Plaintiff's employment with Defendant Servpro was terminated on September 7, 2007. (Johnson Dep. 24:11-22; Pl.'s Dep. 77:4-19.) There is no genuine issue of material fact that an adverse employment action was taken against Plaintiff.

Lastly, Plaintiff would have to demonstrate by a preponderance of evidence that there was a casual connection between the adverse employment action and the protected activity. As stated

11

earlier, Plaintiff did not engage in any Title VII protected activity and therefore no causal connection can exist. Furthermore, it has been shown that Defendant Servpro was unaware of any of the alleged behavior between Plaintiff and Defendant Sincere or any other Servpro employee. The decision to terminate Plaintiff along with one other employee, Kevin Burgess, was based solely upon a lack of work. (Johnson Dep. 16:6-17; 24: 11-22.)

### D. Conclusion

Construing the facts most favorably to Plaintiff, reasonable minds can come to but one conclusion regarding the above facts: Plaintiff was not terminated in retaliation for threatening to report the alleged behavior of Defendant Sincere to anyone at Defendant Servpro. The evidence fails to demonstrate that a genuine issue of material fact exists for any element of the *prima facie* case for retaliatory termination. Without being able to produce evidence which would create a genuine issue of material fact, Plaintiff has failed to meet her burden of production to survive a motion for summary judgment. Under *Abbott*, summary judgment is required where the plaintiff cannot create a genuine issue of material fact regarding the elements of the *prima facie* case for retaliatory termination. Therefore, Defendant Servpro is entitled to judgment as a matter of law.

### IV. CONCLUSION

The Title VII charge against Defendant Servpro for retaliatory termination should be dismissed as being untimely filed. Plaintiff failed to comply with the filing deadlines set out by the OCRC and EEOC therefore precluding the EEOC from having jurisdiction over this matter. Without EEOC jurisdiction, Plaintiff is unable to maintain a Title VII action in federal court.

Alternatively, Defendant Servpro should be entitled to judgment as a matter of law because the facts, construed most strongly in favor of Plaintiff, do not present a genuine issue of material fact for trial. The facts as set out above demonstrate that reasonable minds can come to but one conclusion that Plaintiff was not terminated in retaliation for participating in activity protected by Title VII.

Therefore, Defendant Servpro requests that this action be dismissed in its entirety as being

12

time barred or alternatively that judgment be entered as a matter of law in favor of Defendant Servpro and against Plaintiff.

Respectfully submitted,

/s/ Glenn R. Jones

Glenn R. Jones (0008416)
Susan E. Chylik (0085327)
JONES, FUNK & ASSOCIATES
321 North Broadway
Medina, Ohio 44256
(330) 722-9099 - Telephone
(330) 722-9098 - Facsimile
jonesfunk@zoominternet.net
Attorneys for Defendant Servpro

## PAGE LENGTH CERTIFICATION

    I hereby certify that in accordance with the Case Management Plan of March 8, 2010 this case is on the Standard Track. As such, this memorandum adheres to the page limitation set out in Local Rule 7.1(f) as not exceeding twenty pages.

                                                        _/s/ Glenn R. Jones_
                                                        Glenn R. Jones (0008416)
                                                        Susan E. Chylik (0085327)
                                                        Attorneys for Defendant Servpro

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this 9th day of September, 2010, a copy of the foregoing document was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through to the Court's system.

                                               Glenn R. Jones (0008416)
                                               Susan E. Chylik (0085327)
                                               JONES, FUNK & ASSOCIATES
                                               321 North Broadway
                                               Medina, Ohio 44256
                                               (330) 722-9099 Telephone
                                               (330) 722-9098 Facsimile
                                               jonesfunk@zoominternet.net
                                               Attorneys for Defendant Servpro